UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIANO KASSAR,
A-242-449-230

          Petitioner,

    v.

WARDEN OF THE MESA VERDE
DETENTION FACILITY, et. al.,

          Respondents.

No.  1:26-cv-02374-DJC-DMC-HC

ORDER

Petitioner, an immigration detainee proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.[1]  The petition does not comply with Rule 2(c) of the Federal Rules Governing Section 2254 Cases.  Allegations which are unsupported by a statement of specific facts do not warrant federal habeas relief.  James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).  Moreover, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S.

---

[1]  Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

1

849, 856 (1994). Thus, in order to satisfy Rule 2(c), facts must be stated, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted." Frasier v. Hernandez, 2007 WL 1300063, *3 (S.D. Cal. Apr. 30, 2007).

Here, the only facts Petitioner provides address his arrest and conditions of detention. See ECF No 1, pgs. 5-6. Thus, there are no facts provided to support Petitioner's claim that he has been denied due process and his detention is unreasonably prolonged. Further, Petitioner states he has "political asylum and that is was in process," and therefore it is not clear if Petitioner has been granted asylum, whether his asylum application is pending, and whether Petitioner had been previously released on conditional parole pending his asylum application being processed. Thus, leave to amend is appropriate.

In accordance with the above, IT IS HEREBY ORDERED that:

1.      The petition for writ of habeas corpus, ECF No. 1, is DISMISSED WITH LEAVE TO AMEND;

2.      Petitioner shall file an amended petition that provides factual allegations to support each claim and request for relief, within 14 days of the date of this order; and

3.      In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, Respondent shall not transfer Petitioner outside of this judicial district, pending further order of the court. See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions . . . ."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

Dated:  April 8, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2